**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 23, 2005**

**TENTH CIRCUIT**

---

JAMES HENRY CLARK, JR.,

        Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
MAYOR HICKENLOOPER; and
OFFICER KAFADI,

        Defendants-Appellees.

No. 05-1106

(D.C. No. 04-Z-2256)

(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* civil rights appeal under 42 U.S.C. § 1983. In his claim to the district court, Mr. Clark alleged his civil rights were violated by Denver

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County Sheriff's Department officials (Defendants) while he was detained for a zoning violation at the Denver County Sheriff's intake facility. During the detention, Mr. Clark alleges Defendants violated his constitutional rights when they deprived him of asthma medication and continually ridiculed him throughout his detention. Mr. Clark asserts that these actions violated his rights under the First, Fourth, and Eighth Amendments. The district court dismissed Mr. Clark's complaint as legally frivolous and entered judgment in Defendants' favor. Mr. Clark appeals to this court.

We agree with the district court that Mr. Clark does not have standing to bring his claim. To pursue his § 1983 claim based on alleged constitutional violations, Mr. Clark must show he suffered some actual or threatened injury, that the injury was caused by Defendants, and that a favorable judicial decision would likely redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). Mr. Clark's claim fails to meet this exacting standard. Thus, Mr. Clark's § 1983 claim is not cognizable.

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned February 23, 2005 Order and Judgment of Dismissal, we hold that no relief is available to Mr. Clark pursuant to § 1983.

The decision of the trial court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge